I'm here on behalf of Mr. Ross, who wishes to have his supervised release portion of his sentence vacated for two reasons. Can I just, let me pose a question to you, because it is clear that the Williams findings weren't made in this case with respect to the psychiatric, at least any application of psychiatric treatment that would involve medication. And we have in other cases, or another case that I was involved in in any event, under those circumstances construed the supervised release term to implicitly include the limitation that the supervised release would not be revoked for refusing to take medication that implicates a significant liberty interest, such as anti-psychotic drugs. If this court were to so construe the supervised release order in this case to have that condition, and I have some, I think the government has indicated that it agrees that some limitation has to be implied into it, would that take care of your concerns about the supervised release order? I think I'm worried about it, other than the fact that I don't know that the government is willing to concede that. Because the order that Judge Wilson imposed is so broad, and the fact that it, it really leaves that question open to the probation officer, and that it allows, it allows the probation officer to make those decisions. And I think that's, that's the problem with, with this order. Just to follow up on what Judge Fisher mentioned a minute ago, though, he's referring, I believe, to United States v. Cope, which is a recent case that was decided by our circuit. And the court indicated that since the Williams findings were not made, that the supervised release condition, in quotes, must necessarily be understood as limited to those medications that do not implicate a particular, particularly significant liberty interest of the defendant, i.e., not to include psychotropic medication. I believe the government has conceded that. In this case, there has, as I understand it, been no attempt to administer psychotropic drugs. Is, is that correct? No, that's not correct, David. Not correct. That's not correct. Where in the record is, is it indicated that there has, in fact, been an attempt to administer such drugs? Well, I believe it's in the, in the petition to, to revoke her supervised release. The, the probation officer, Ms. Fontana, actually states that Mr. Ross is refusing to take his medication. And, and I believe that's one of the reasons that Mr. Ross violated the conditions of his supervised release, based on the side effects of the medication that he was prescribed. But, but you're saying he actually was given psychotropic drugs? Yes, that is right. I must, I, I did not see that in the record. I know that the, the supervised release order can be construed to require that. But as I say, under COPE, the order is, in effect, narrowed to not permit that administration because the Williams findings were not made. And what I, what you're telling me is something I've heard, hearing for the first time, that psychotropic drugs were actually administered here. Well, they were prescribed. I know they were prescribed, but were they administered? Well, he, Mr. Ross at first refused to take them. Okay. And then, because he realized that his supervised release could be revoked if he refused to take the drugs, he, he did concede and take the drugs. And that's when the litigation was commenced. The litigation was commenced after he violated the terms. Right. And Mr. Ross believes that it's because of the medication that caused him to violate the terms. So, so it was, it was prescribed. He declined to take the psychotropic drugs. He violated the supervised release order. That's what commenced the litigation. It's our understanding that the government has now conceded that, under the terms of COPE, it has no ability, absent new Williams findings, to administer psychotropic drugs. Does that solve the problem for you and your client? Well, he declined to take the drugs, but then he did take them after. Oh, you want to take an out? Oh, he did. He took the drugs out. He actually took the drugs. Oh, he did? Yes, he did. After he was threatened by his probation officer that if he didn't follow the orders of the doctor, she would revoke his... Do you know where in the record that is indicated? It's actually in the petition to, to revoke. Supervised release. One of the probation officers states that Mr. Lawson refused to take his medication. Was it made part of the record on appeal? As far as, yes, it's in the, it's in the, it's in the record, yes. In the supplementary or in the, where is it? It's in the appellant's record that I submitted. Okay. My understanding, just maybe government counsel will clarify for us their understanding. My understanding was that he refused to take the meds and then didn't show up for his treatment appointment. He was protesting it, and so the issue is whether or not he can be compelled in the future. But you're now saying that he actually acquiesced and did take his meds? My understanding is that he took the medication, yes. It is actually prescribed that a second medication after the first medication, and he took both. All right. Okay, well, why don't we hear from the government, and you can reserve the rest of your time. Yes, yes, sir. Good morning, Your Honors. Good morning. And thanks for the government. Mm-hmm. I have to begin by noting, with respect to the question of what the record contains about the medication, what the record contains is very limited. The only reference appears at ER 6, where the probation officer notes in passing that as of March 13th, Mr. Ross reported no longer taking his prescribed medication. No longer taking. Correct. So the implication is he was taking. Yes, and my understanding, although this is outside of the record, is that he was taking the medication for a while. And the medication, do we know what the medication is? I believe he began by taking Geodon. Geodon. And again, I apologize. And that's a psychotropic. That is. He complained of some side effects. They switched to a different drug. He did not say that he didn't want to take it, but they were trying to find an appropriate treatment regimen. Okay. And so the question is, well, the first question is we've assumed from what the government has said in its briefing that you would agree under COPE that there is an inherent limitation in the generalized supervised release proviso consistent with what I stated at the outset. Yes, if the court decides to reach the issue, then we think that consistent with COPE, because Williams findings were not made, the court should construe the provision as requiring psychiatric and psychological treatment, with the exception of psychotropic drugs that would require a Williams finding. And what's your understanding of how that limitation gets read into the supervised release order? Do we so construe it and issue a disposition that states it and that's sufficient, or do we remand to the district court to put it in? Is there need for further proceedings in the district court to make the restriction more specific to this case? I believe the court could do either. The court could either choose to construe the condition accordingly, as it did in COPE, or it can remand to the district court to allow the district court to make that its rule. And probation retains the ability to petition for a modification of the conditions, if they think Williams findings can be supported. What's your understanding of what Mr. Ross's ability is to resist taking a drug that he feels interferes with his liberty interest? Does he have the burden to come in and raise an objection, or is it clear enough that the probation officer, when approached by a doctor who tells him that Mr. Ross is refusing his medication, that the probation officer will say, well, we have to go to the court, because this particular medication is going to come within the scope of COPE, if you will, or the scope of Williams? Well, we'd note initially that this is part of the problem. Can you hear all right? Yeah. We note that this is part of the problem with the defendant not having raised this at any point previously, either as part of his direct appeal from the original sentence where the condition was imposed, or at any point during the period of a supervised release, even during the revocation proceedings. None of this was raised, which makes the record on which this Court is required to decide this pretty scarce. And so accordingly, You're claiming a waiver? Yes. We've argued a waiver. Because, again, in the extent that the defendant is now claiming that the violations were in some way caused by taking the medication, there's simply nothing in the record. And while I've certainly tried to respond based on my understanding of the facts, given that the only reference in the record is that he reported no longer taking the prescribed medication and there's no specification of what that medication was, we think that what the defendant should have done is to raise the issue in front of the district court so that the district court had the ability to address these issues and make the appropriate findings if they were necessary. So in your view, what is the paucity of the case before us now, today? In the government's view, the issue has been waived. But if the Court decides to reach it, as I've said, we believe that the Court should either construe the condition or remand for the district court to construe the condition consistent with Cope and with Williams to say that the — that although the condition remains in force, it does not require the administration of psychotropic medication. We believe that defense counsel can explain that to the defendant so that he understands the meaning of that condition. If the Court wishes, I'm certainly happy to address the delegation issue as well. No, I think that's adequately brief. We understand that. Thank you, Judge. All right, thank you. If there are no further questions, I'm happy to. All right. Excuse me. Counsel? A few points. Considering the waiver, I don't agree that Mr. Ross waived his right to appeal. This is a second order that was imposed. It's clear he did not appeal the first order, but this is a second order that was imposed. So he had every right to appeal the second order. And as far as not appealing — I'm sorry, not objecting to the district court, it's not He could object because he did not know what sentence would be imposed. And I think that's an issue that this Court has to address. What I mean by that is he did not know what sentence would be imposed, so he counseled that the district court made a general objection to supervised release. Okay. All right. Are there any other questions? I don't think so. The case has been well briefed. All right. The case just argued is submitted. We thank counsel for your arguments. All right. The next case on calendar, the next three cases, let me go through them. First is Casas-Castrillon v. Warden of San Diego. That case has been submitted. Casas-Castrillon v. Wagner is also submitted. And that brings us to Casas-Castrillon v. Mukasey, and for that we have argument.
judges: Farris, Fisher, Smith